IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GABRIEL I. MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-11-CV-143-KC |
| | § | |
| EL PASO CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day, the Court considered "Plaintiff's Motion to Remand" ("Motion"), ECF No. 6. For the reasons set forth herein, the Motion is **GRANTED**.

I.     BACKGROUND

On February 28, 2011, Plaintiff filed suit in Texas state court against El Paso Corporation ("EPC"), alleging that he was terminated from his employment in retaliation for complaining to his supervisor about national origin discrimination and hiring an attorney to investigate the possibility of filing an employment discrimination suit. Notice of Removal 6-15, ECF No. 1 ("Petition"), at 7-8. Plaintiff also alleged that his termination constituted discrimination against him based on a disability. *Id.* at 7.

Despite the fact that it was not named in the suit, El Paso Natural Gas Corporation ("EPNG") removed that action to this Court on April 15, 2011. Notice of Removal. EPNG did so because it believed Plaintiff had mistakenly named EPC in his Petition, believing it was his employer. *See id.* at 1-2. EPNG believed that it, EPNG, was his actual employer, so EPNG simply stepped in to defend the suit. *See id.* EPNG argued that removal jurisdiction was proper

1

because EPNG, being an out-of-state corporation, was diverse from Plaintiff. *Id.* Thirty days later, Plaintiff filed his Motion to remand the suit to Texas state court. Mot.

## II. DISCUSSION

### A. Standard

A defendant may remove a case to the federal district court in the division embracing the place where such action is pending in state court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case. *Id.* § 1447(c). Where the jurisdiction of the court is challenged, the burden is on the party seeking to preserve the district court's removal jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). The removal statutes are to be construed strictly against removal and in favor of remand. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986).

### B. Removal Jurisdiction

Plaintiff argues that removal was improper because EPC was not fraudulently joined, and that even if he had named EPNG as a defendant instead of EPC, EPNG is a citizen of Texas and so its presence in this action would not create diversity. Mot. 4-7. EPNG argues in response that fraudulent joinder analysis is not the applicable framework, yet does not present an alternative framework aside from one reference to a Texas Supreme Court decision dealing briefly with misnomer and misidentification. Def.'s Opp'n to Pl.'s Mot. to Remand 4, ECF No. 7. For the rest of its response, EPNG cites to cases dealing with the issue of fraudulent joinder and argues

that EPC was fraudulently joined because Plaintiff has no possibility of recovery against EPC. *Id.* at 3-7. EPNG also argues that it is a citizen of Colorado, so that if it were the sole defendant, this Court would have diversity jurisdiction. *Id.* at 7-10.

Although the Court is considering Plaintiff's Motion, because EPNG is the party seeking to preserve the Court's jurisdiction, EPNG has the burden of showing jurisdiction is proper. *See Frank*, 128 F.3d at 921-22. The Court does not find EPNG has carried its burden, but it agrees that fraudulent joinder does not apply here. Plaintiff did not sue multiple defendants and include at least one non-diverse defendant to prevent the diverse defendants from removing to federal court. *See Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006) (holding fraudulent joinder analysis inapplicable where a plaintiff sued only one defendant, because the plaintiff was not attempting to force any other defendant to remain in state court). Instead, Plaintiff named and served only one defendant in state court, EPC. *See* Notice of Removal 1, 16-18 (EPNG's admission of and the state court documentation for service on EPC on March 29, 2011). Even if Plaintiff did so solely to keep his suit in state court, that is not improper. Assuming for the sake of argument that EPNG is correct that Plaintiff has no possibility of recovering against EPC, that impossibility does not create a situation of fraudulent joinder. It just means Plaintiff's case will not succeed. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc) (holding that where an allegation of fraudulent joinder is based on an argument of impossibility of recovery against the non-diverse defendants, but that argument would also serve to defeat a plaintiff's claims against the diverse defendants, there is no fraudulent joinder).

Moreover, on a more basic, technical level, EPNG "was not a party at the time of

removal, and accordingly . . . fraudulent joinder jurisprudence offers no guidance." *Salazar*, 455 F.3d at 574. Because EPNG was not properly "made a party in state court, removal jurisdiction cannot be premised on its presence in the action." *Id.* at 575 (citing *Housing Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973)). EPNG was not named or served in state court, so it had no power to take any action in the case. Consequently, removal was improper in the first place.

EPNG may have believed it was doing Plaintiff a favor by substituting itself for EPC, since it apparently believes that it, and not EPC, was Plaintiff's actual employer. Def.'s Opp'n to Pl.'s Mot. to Remand 4-7. If Plaintiff had in fact made this mistake, then EPNG's actions might be laudable, since in Texas courts a failure to properly serve the correct defendant, even where due to a mistake, can result in a dismissal if the statute of limitations has run. *See Enserch Corp. v. Parker*, 794 S.W.2d 2, 4-5 (Tex. 1990). However, based on Plaintiff's Motion it appears EPNG's perhaps well-intentioned but paternalistic actions were based on an incorrect assumption. Rightly or wrongly, Plaintiff believes EPC was his employer, and purposefully sued EPC and not EPNG. In these circumstances, the Court has no power to order the substitution of EPNG for EPC. *See Salazar*, 455 F.3d at 575.

In sum, there was no fraudulent joinder here because Plaintiff sued only one party, EPC. Because he did not sue EPNG, EPNG was never a party to the action, and thus could not properly remove this case to federal court. The Court has no power to rule upon EPNG's implicit request to be substituted for EPC as the defendant in this matter. Whether Plaintiff has any possibility of recovery against EPC, EPNG, both corporations, or none, the issue is one for a Texas state court to resolve.

C.     Attorney's Fees

1.     Whether attorneys' fees are appropriate

Plaintiff has requested attorneys' fees relating to the removal of this action from state court, alleging EPNG had no reasonable basis for removing the case to this Court. Mot. 7-8. EPNG did not specifically respond to this argument.

The statute governing procedure of removed cases after removal provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, courts should award costs and fees upon remand of a case "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). There is no presumption for or against an award of fees. *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir. 2009) (citing *Martin*, 546 U.S. at 140). In determining whether to award fees, the removing party's intent is irrelevant; in fact, the Court "may award fees even if removal is made in subjective good faith." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

Here, the Court finds EPNG had no objectively reasonable basis to remove this case. As set forth above, EPNG was not a party to the action. Until it formally became a party either through intervention or substitution, the Court cannot see how EPNG could have had an objectively reasonable basis to believe it could take any action in this case whatsoever. Moreover, clearly applicable precedent at the time of removal showed that EPNG's attempted maneuver was improper. *See Salazar*, 455 F.3d 571. In *Salazar*, a plaintiff sued Allstate Texas, a non-diverse party, in a state court action for breach of insurance contract. *Id.* at 572. Allstate

5

Texas removed the case to federal court, where it filed a motion to join Allstate Illinois, a diverse party, on the basis that Allstate Texas had merely sold the plaintiff the policy, but that Allstate Illinois was the underwriter ultimately responsible for it. *Id.* The district court denied the plaintiff's motion to remand, granted Allstate Texas's motion to join Allstate Illinois as a defendant, and then dismissed Allstate Texas from the suit. *Id.* This effectively substituted Allstate Illinois for Allstate Texas as the sole defendant in the case, and created a diverse action where there was none at the start in state court. *Id.* Upon plaintiff's appeal, the Fifth Circuit reversed. *Id.* at 575. It held that fraudulent joinder principles could not support the removal because there was only one defendant in the action to begin with, making fraudulent joinder analysis inapplicable. *Id.* at 574. It also held that removal could not be effected by an entity that was not a party to the action in state court. *Id.* at 575. Further, it ruled that district courts could not substitute one defendant for another so as to create an action over which they would have jurisdiction. *Id.*

The parallels between this case and *Salazar* could not be more plain. In both actions, the sole named defendant was non-diverse, but was alleged by the removing party to be plainly not liable because it was not directly responsible for the actions that formed the basis of the claims. The entity that did take the actions, which in both cases was diverse from the plaintiff, then sought to take over the case to create a diverse action that would support removal jurisdiction. Given this almost factually identical precedent, there was no objectively reasonable basis for EPNG to remove this action. Furthermore, the one difference between this case and *Salazar* makes removal even less appropriate here. There, the entity who removed the case was actually the sole defendant, whereas here EPNG was not a party to the action at all. This type of removal

6

by a non-party had also already been ruled improper by the Fifth Circuit in *Salazar* and in *Millwood*, further depriving EPNG of an objectively reasonable basis for its actions. *See id.* (citing *Millwood*, 472 F.2d at 272).

Even assuming EPNG was attempting to fix Plaintiff's "correctable mistake," Def.'s Opp'n to Pl.'s Mot. to Remand 3, the procedure it used to do so was inappropriate. If it intended to assist Plaintiff in identifying and suing the correct entity, it should have done so by formally joining the state court action in the appropriate fashion. But EPNG's subjective intent in removing this action is irrelevant in any event. *See Valdes*, 199 F.3d at 292. Its actions in removing this case lacked any objectively reasonable chance of success, so Plaintiff is entitled to reimbursement of his attorneys' fees incurred as a result of the removal.

### 2. Amount of attorneys' fees

When determining exactly what amount of fees is reasonable to award upon remand of an action, district courts in the Fifth Circuit should use the lodestar method. *Halliburton Latin Am. SA v. Int'l Technical Solutions*, 273 F.3d 392, 392 (5th Cir. 2001) (per curiam) (unpublished). This method involves a two-step procedure. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995). First, the district court must determine a figure based on a reasonable number of hours and a reasonable billing rate. *Id.* at 324. Then, the court may adjust that figure upward or downward based on its consideration of twelve enumerated factors. *See Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (listing the twelve factors). Contemporaneous billing records or other sufficient documentation is customarily required to support a request for attorneys' fees. *Kellstrom*, 50 F.3d at 324.

Here, Plaintiff has not yet provided sufficient information to permit the Court to engage

7

in the lodestar analysis. He has provided only a total number of attorney hours expended, not records of the time spent on specific tasks. Neither has he shown what fee agreement he has with his attorney, or an explanation of how his attorney's fee compares to that of other attorneys. *Cf. RMC Publ'ns, Inc. v. Doulos PM Training*, No. 3:07-CV-2139-O, 2010 WL 742575, at *5 (N.D. Tex. Mar. 3, 2010) (awarding fees where party provided "highly detailed billing records and records of costs . . . with an authoritative study establishing the standard billing" rates of attorneys in the field). Nor has Plaintiff submitted any evidence that would allow the Court to apply the lodestar factors. Additionally, with his Motion Plaintiff submitted a record of hours expended to that date and an estimate of the hours his attorney would expend on the matter in preparing a reply brief and appearing at an evidentiary hearing. But the Court did not hold an evidentiary hearing, Plaintiff submitted no breakdown of the estimate between the two tasks, and there is no way for the Court to know whether the estimate was accurate. The Court cannot determine how many hours Plaintiff's attorney has expended on this matter since the Motion was filed.

Accordingly, before the Court may award a specific amount of attorneys' fees, Plaintiff must submit proper documentation as specified in Local Rule CV-7(i).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion, ECF No. 6, is **GRANTED**. It is hereby **ORDERED** that the Clerk of Court remand the case to County Court at Law Number Three in El Paso County, Texas.

**IT IS FURTHER ORDERED** that Plaintiff, if he wishes to be reimbursed for his attorney's fees incurred as a result of EPNG's removal of this case, shall submit, within **fourteen**

**days**, a detailed accounting of the hours his attorney expended on the case only relating to removal and the fee he charged for this portion of the case, and show that the fee is reasonable for the community.

The Clerk of Court shall close the case.

**SO ORDERED**.

**SIGNED** on this 16th day of August, 2011.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE